IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BCI ACRYLIC, INC., an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-720 |
| | ) | |
| LUXURY BATH SYSTEMS & KITCHEN DESIGN STUDIO, | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, BCI ACRYLIC, INC. ("BCI"), by and through its attorneys, for its Complaint for Injunctive and Other Relief against Defendant, LUXURY BATH SYSTEMS & KITCHEN DESIGN STUDIO ("LBS"), alleges as follows:

### PARTIES

1. BCI is an Illinois corporation with its registered office located in Northbrook, Illinois. BCI's headquarters are located in Libertyville, Illinois.

2. BCI is an independent manufacturer of acrylic bath liners, showers liners, wall surrounds and related products for the bathroom remodeling industry. BCI is the owner of the trademark "Luxury Bath Systems" registered in the United States Patent and Trademark Office as registration number 3407998 (the "Trademark"). Exhibit A.

3. Pursuant to its website, LBS is a bathroom designer and remodeler with its principal office located in Loves Park, Illinois. According to its website, LBS provides services to customers similar to BCI throughout Rockford, Illinois, Northern Illinois and Southern Wisconsin.

## JURISDICTION AND VENUE

4. This Complaint arises out of LBS' violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

5. This Court's jurisdiction over BCI's federal claims contained in this Complaint is conferred by 28 U.S.C. §§ 1331 and 1338 as the claims relating to violations of the Lanham Act implicate a violation of a federal statute.

6. Pursuant to 28 U.S.C. § 1391(b)(2), venue in this cause is proper in the Northern District of Illinois because a substantial part of the events or omissions giving rise to BCI's claim occurred within the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

7. BCI is a leading home improvement manufacturer in acrylic wall surrounds and bath liners.

8. BCI operates its business under a variety of trade names and trademarks, which it has developed over a number of years.

9. BCI is well known by distributors in the home improvement industry and among consumers.

10. BCI has dealers throughout the United States and Canada. BCI dealers purchase products from BCI and sell BCI's products to its consumers for installation in their homes. Many of the BCI dealers utilize the BCI Trademark pursuant to written agreements containing licensing provisions between the dealer and BCI. The Trademark is of enormous value to BCI.

11. LBS is using BCI's Trademark in its name, on its physical building

location, on its website and in its advertisements without BCI's authorization.

12. On January 9, 2018, BCI demanded, via written correspondence, that LBS cease and desist from wrongfully using BCI's Trademark. However, LBS has continued to use BCI's Trademark without BCI's authorization.

## COUNT I
## TRADEMARK INFRINGEMENT

13. BCI realleges paragraphs 1 through 12 of the Complaint as if fully alleged herein.

14. LBS is a competitor of BCI selling similar products to potential customers of BCI.

15. LBS' unauthorized use of BCI's Trademark in commerce constitutes an attempt to palm off and appropriate BCI's exclusive rights with respect to the Trademark as it is likely to cause confusion as to the affiliation, connection or association of LBS with BCI, or as to the origin, sponsorship, or approval of LBS' goods, services or commercial activities by BCI.

16. By reason of the foregoing, LBS has willfully violated Section 43 of the Lanham Act, 15 U.S.C. § 1125.

17. LBS' wrongful use of the BCI Trademark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of BCI's Trademark and therefore falls within the purview of 15 U.S.C. § 1117.

18. BCI is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment

interest.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

19. BCI realleges paragraphs 1 through 18 of the Complaint as if fully alleged herein.

20. LBS' use of the Trademark constitutes a false designation of origin which is likely to deceive and has deceived customers and prospective customers into believing that LBS' goods are that of BCI and, as a result, are likely to divert and have diverted customers away from BCI.

21. BCI has no control over the nature and quality of the goods being offered by LBS. Any failure, neglect or default by LBS in providing such goods will reflect adversely on BCI as the believed source of origin thereof, hampering efforts by BCI to continue to protect its outstanding reputation for high quality goods at a reasonable price. Such adverse reflection has resulted and will result in loss of sales by BCI and the considerable expenditures by BCI to promote its goods under its Trademark, all to the detriment of BCI.

## COUNT III
## DILUTION

22. BCI realleges paragraphs 1 through 21 of the Complaint as if fully alleged herein.

23. LBS' use and advertisement of its products under the Trademark are likely to injure the business reputation of BCI and is likely to dilute the distinctive quality of BCI's name and product in violation of federal statutes.

## COUNT IV
## INJUNCTIVE RELIEF

24. BCI realleges paragraphs 1 through 23 of the Complaint as if fully alleged herein.

25. LBS' unlawful actions as alleged herein have caused and, unless restrained, will continue to cause, substantial and irreparable harm to BCI.

26. In addition, BCI's legitimate business interests are being irreparably harmed each day LBS is permitted to wrongfully utilize BCI's Trademark.

27. Because LBS is wrongfully using the Trademark, the potential for confusion exists in that consumers will likely associate BCI with LBS.

28. As a result, BCI could lose business opportunities by consumers associating BCI with LBS.

29. BCI has no adequate remedy at law as monetary damages are inadequate to compensate BCI for the injuries caused by LBS.

30. Therefore, BCI is entitled to injunctive relief against LBS.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, BCI Acrylic, Inc. prays that this Honorable Court:

A. Grant preliminary and permanent injunctive relief enjoining LBS, and all others acting in concert with and having knowledge thereof, from using the BCI Trademark, and any similar trade name or mark or variant thereof, as a trade name, trademark, service mark, domain name, or for any other purpose;

B. Order LBS to account to BCI for any and all revenues and profits that

LBS has derived from its wrongful actions and to pay to BCI all damages which BCI has sustained by reason of the acts complained of herein, and that such damages be trebled;

    C.    Award BCI its costs and all reasonable attorneys' fees it has incurred in this action;

    D.    Award BCI punitive damages;

    E.    Award BCI pre-judgment and post-judgment interest; and

    F.    Grant BCI any other relief the Court deems just.

Respectfully submitted,

BCI ACRYLIC, INC.

By: /s/ Elliot S. Wiczer
One of its Attorneys

Elliot S. Wiczer – ARDC #6208432
John M. Sheldon – ARDC #6256666
Brian S. Feldman – ARDC #6288135
Kyle G. Fonjemie – ARDC #6317125
Wiczer & Sheldon, LLC
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
(847) 849-4850

## DEMAND FOR JURY TRIAL

Plaintiff, BCI Acrylic, Inc., by and through its attorneys, hereby demands a jury trial in the above captioned matter.

By: /s/Elliot S. Wiczer
One of its Attorneys